**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LAURA DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-501-BAJ-DLD** |
| **JK&T WINGS, INC., ET AL.** | |

## MAGISTRATE JUDGE'S REPORT

This slip and fall action is before the court on plaintiff's motion to remand (rec. doc. 8), which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 9). This matter was removed to this court based on diversity jurisdiction, 28 U.S.C. §1332, and the issue in the motion to remand is whether the amount in controversy is satisfied.

### Factual Background

On or about July 18, 2010, plaintiff Laura Davis slipped and fell while exiting the Buffalo Wild Wings restaurant, located in Baton Rouge, Louisiana, and owned by defendant JK & T Wings, Inc. (rec. doc. 1-2). Plaintiff alleges in her petition that she was unable to get up from the fall and the paramedics were called to the scene of the accident. Plaintiff's petition contains the following allegations regarding her injuries and damages:

8.

> Due to the Defendant's negligence, Petitioner has suffered and will continue to suffer personal injuries and residual disabilities consisting of but not limited to injuries to her left arm and dislocated left elbow, which injuries have caused and will continue to cause Petitioner great physical pain, in addition to physical and mental pain and suffering.

9.

> As a result of the accident, Petitioner was forced to undergo medical treatment, having incurred expenses in the form of special damages.

(rec. doc. 1-2).

Plaintiff seeks damages in the form of past, present, and future physical pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, medical expenses, lost wages, and out of pocket expenses. Id.

On July 21, 2011, defendant filed a notice of removal alleging that the parties are diverse and that the amount in controversy is facially apparent from plaintiff's petition (rec. doc. 1). Thereafter, on October 6, 2011, plaintiff indicated in the joint status report that the amount in controversy is not satisfied and that she intended to file a motion to remand. On November 29, 2011, plaintiff filed a motion to remand based on the fact that the amount in controversy is not satisfied (rec. docs. 6 and 8). In the motion to remand, plaintiff offers to stipulate that the value of her claims do not exceed the jurisdictional minimum of $75,000, but plaintiff does not attach an executed stipulation (rec. doc. 8).

This matter is now before the court on plaintiff's motion to remand.

**Discussion**

The removing party has the burden of proving the existence of federal jurisdiction and, if challenged, that the removal was procedurally proper. *See e.g. Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This matter was removed based on diversity jurisdiction, so the removing party must establish both that the

parties are diverse[1] and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The Fifth Circuit has "... established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000), citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. See La. C.C.P. 893. Thus, the defendant may meet its burden either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted).

Plaintiff's petition does not allege a specific dollar amount of damages; therefore, the court first looks at the allegations in the petition regarding plaintiff's damages to determine whether the amount in controversy is facially apparent. The petition indicates that plaintiff

---

[1] Diversity of citizenship is not disputed. Plaintiff is a citizen of Louisiana and defendant is a Michigan corporation with its principal place of business in Michigan (rec. doc. 1). The citizenship of XYZ Insurance Company shall be disregarded for purposes of establishing diversity of citizenship. Id., citing 28 U.S.C. §1441(a).

suffered physical and emotional pain and suffering as a result of "injuries to her left arm and dislocated left elbow" (rec. doc. 1-2). Plaintiff seeks damages in the form of past, present, and future physical pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, medical expenses, lost wages, out of pocket expenses. Id. The allegations in the petition do not expand on what specific type of injuries were sustained, whether hospitalization was required, what type of medical treatment was recommended or provided, or whether surgery would be necessary. Further, plaintiff seeks damages in the form of lost wages; however, there is no information identifying plaintiff's job or the amount of time she was unable to work due to her injury. Finally, plaintiff did not request a trial by jury in state court, which requires the claim to be for at least $50,000. See La. Code Civ. P. 1732(1).

Defendant cites to several cases and argues that the injuries alleged in those cases are similar to those alleged by plaintiff and support its position that plaintiff's allegations in the petition make it facially apparent that the amount in controversy is satisfied. See *Hernandez v. USA Hosts, Ltd.,* 418 Fed. Appx. 293, 295 (5th Cir. 2011)[2]; *Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828 (E.D. Tex. 2008)[3]; *Belvin v. The Home Depot USA,*

---

[2] Plaintiff alleged that she suffered injuries to her back, knees, shoulder, and body as a whole, including aggravation to pre-existing conditions, substantial mental and physical damages, medical expenses, lost wages, and property damages. Plaintiff alleged that damages are permanent or continuing in nature. The court held that based on extensive injuries alleged, it was facially apparent that amount in controversy was satisfied. *Hernandez*, 418 Fed. Appx. at 294-295.

[3] The court held that it was facially apparent that plaintiff's injuries satisfied the amount in controversy based on plaintiff's allegations that she sustained "severe injuries to her arm, hip, side and body generally which have required continuing medical treatment and which are permanent and continuing in nature" and request for damages for reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future; loss of earnings in the past; loss of earning capacity in the future; physical pain and suffering, past and future; mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injuries have had on her life, and that they will probably have on the remainder of her life,

*Inc.*, 2007 WL 2491428 (E.D. La. 2007)[4]; *Lowery v. J.C.Penny Corp., Inc.*, 2006 WL 3827527 (W.D. La. 2006)[5]. The cited cases, however, are factually distinguishable from the instant case in that the plaintiffs in the cited cases allege to have incurred more substantial injuries or types of damages that are not present in the instant case, such as multiple physical injuries, some of which required surgical intervention; disfigurement; permanent disability; and property damages.

The injuries and damages alleged by plaintiff are vague and unspecified and are less serious than those in cases where the amount in controversy has been found to be facially apparent from the allegations in the petition. See cases cited by defendant, and *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The allegations in plaintiff's petition are more similar to those in *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999), where the Fifth Circuit held that the amount in controversy was not facially apparent based on plaintiff's allegations of severe injury to shoulder, soft-tissue injuries, bruises, abrasions, unspecified medical

---

including the loss of enjoyment of life, the anxiety of diminished life enjoyment and freedom of movement, the personal inconveniences, humiliation and embarrassment, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will in all reasonable probability be necessary to properly treat the plaintiff in the future; physical impairment, past and future; and physical disfigurement, past and future. *Bourne*, 582 F.Supp.2d 828, 839-840.

[4] The court held that it was facially apparent that plaintiff's injuries satisfied the amount in controversy based on allegations that plaintiff "suffered personal and disabling injuries to her knee, back, spine and body as a whole which required surgical intervention and extensive physical therapy" and request for damages for physical and emotional injuries, medical expenses, lost wages, present and future disabilities and/or permanent physical impairment, and loss of consortium. *Belvin,* 2007 WL 2491428, *2.

[5] Plaintiff alleged serious injury to her "back, neck, head, shoulders, arm, and other areas of her body" and sought recovery for physical pain and suffering, past and future; mental anguish, emotional distress, worry, anxiety, and inconvenience, past and future; medical and related expenses, past and future; loss of enjoyment of life; and permanent disability and impairment, in addition to loss of consortium, service, and society damages. The court held that given the number and nature of plaintiff's claimed damages, it was facially apparent that the amount in controversy was satisfied. *Lowery*, 2006 WL 3827527, *2.

expenses, and loss of consortium.  Courts have routinely held that pleading general categories of damages, such as "pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.," without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the "facially apparent" test.  See *Alderdice v. Lowe's Home Centers, Inc.,* 2010 WL 371027 (M. D. La. 2010)*; Nelson v. Wal-Mart Stores,* Inc., 2009 WL 1098905 (W.D. La. 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. 2008); *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. 2002).   Thus, based on the allegations in plaintiff's petition, it is not facially apparent that the amount in controversy is satisfied.

Defendant can meet its burden of establishing subject matter jurisdiction by setting forth facts in controversy, either in the notice of removal or by affidavit, that support a finding that a requisite amount was in controversy.  Defendant, however, does not offer summary judgment-like evidence in its notice of removal or attach an affidavit with facts expanding on plaintiff's injuries and damages. Rather, defendant merely restates the vague allegation in plaintiff's petition.  Thus, defendant has failed to carry its burden of proving by a

preponderance of the evidence that plaintiff's injuries will exceed the jurisdictional minimum.[6] Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 8) should be **GRANTED**, and that this matter be remanded to the **19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana**.

Signed in Baton Rouge, Louisiana, on January 6, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[6] In the motion to remand, plaintiff offers to stipulate that her damages do not exceed the $75,000 jurisdictional minimum. Defendant argues that the court should not consider the offer to stipulate because jurisdiction attaches at the time of removal; therefore, plaintiff cannot divest the court of jurisdiction by reducing the amount of her damages through a stipulation. Defendant is correct that subject matter jurisdiction attaches at the time of removal *if* the requirements for subject matter jurisdiction are satisfied, and a post-removal stipulation does not deprive the court of jurisdiction once obtained. *Allen v. R. H. Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). A post-removal stipulation can be used to clarify a previously uncertain jurisdiction issue, such as the amount in controversy. See *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993). As stated above, the allegations in the petition do not make it facially apparent that the amount in controversy is satisfied. There is no uncertainly that requires clarification by a stipulation. Moreover, defendant has failed to carry its burden of proving that the amount in controversy was met at the time of removal. For these reasons, it is unnecessary for the court to consider plaintiff's stipulation or offer to stipulate.

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAURA DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-501-BAJ-DLD** |
| **JK&T WINGS, INC.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 6, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**